WALLACE, JUDGE:
*216 On August 25, 1986, the claimant was travelling on Fish Creek Road (County Road 74), in Marshall County, in his 1976 Dodge van. The road gave way underneath the van. As a result, the van was totalled. Claimant seeks $15,000.00.
Claimant testified that he was travelling from Moundsville to his home in Marshall County. He left Moundsville between 3:30 and 4:00 p.m. He drove this route two to three times per week and was aware that there was a "bad spot" on the left side of the road. He stated that the road had been "semi-repaired... ." His speed was 15 to 20 miles per hour. The right front wheel of the van went down into a place where a piece of the asphalt road had broken off under the wheel of the van. The van turned over and ended up in the creek. Claimant crawled back up to the highway and received assistance. County Route 74 is supposed to be a two-lane road, but parts of it are not, according to the claimant. There were no warning signs nor road markings present at the time of claimant's accident. The piece of the road which broke off was approximately afoot wide. The claimant had observed problems in this area of the road in the past. The dirt beneath the pavement had washed away, and there was no support for the asphalt. His van was a width of a tire from the edge of the road at the time of this incident. The van was five or six yards from the highway when it landed in the creek, and the van was right in against the bank on the roadside of the creek. The claimant was transported to Reynolds Memorial Hospital, and he remained there one night. He suffered bruises on his legs and an infection in his scalp.
Gordon Scott Peake, Area Maintenance Engineer with respondent, testified concerning the area of the accident. The road is 12 feet wide at the narrowest point and 14 feet wide at the widest point. The accident site is an old slip area which has been present for at least 10 years. It is relatively level and in a right-hand curve. On January 12, 1989, Mr. Peake was at the site and noted that there was a "one Lane Road" sign 1,000 feet south of the slip. He stated that the slip has not been repaired because it is located out in the country, and it is 14 miles from Route 2. The average daily traffic county on this road is very low. He admitted that it is a slip area and is saturated with water due to an abandoned creek. He explained that the surrounding area "... picks up a lot of ground water." He could not say if the warning sign was present on the day of the accident.
It is the opinion of the Court that the record does not support a showing of negligence on the part of respondent. Respondent had neither actual nor constructive notice of this hazard. The Court has previously held that where there was no evidence that respondent knew or should have known of the propensity of the road to collapse, there will be no recovery on the part of the claimant. See Motorists Mutual Ins. Co. vs. Dept. of Highways, (Opinion issued December 3, 1988); Winemiller vs. Dept. of Highways, (Opinion issued March 3, 1989). Therefore, the Court must deny this claim.
Claim disallowed.